UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

ZAMIRA CARDENAS,

                              Plaintiff,

              -against-

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT and DETECTIVE JOHN DOE an
unidentified police officer employed by the City of New
York and the NYC Police Department in its official and
individual capacities,

                             Defendants.

------------------------------------------------------------------------ x

**ANSWER TO COMPLAINT
ON BEHALF OF CITY OF
NEW YORK AND NEW
YORK CITY POLICE
DEPARTMENT**

08 CV 3848 (AKH)

Jury Trial Demanded

Defendants, City of New York and New York City Police Department, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action as stated therein and purports to invoke the Court's jurisdiction as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

        3.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

        4.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint concerning an unidentified officer.

        5.     Deny the allegations set forth in paragraph "5" of the complaint, except admit that the City of New York is a municipal corporation organized pursuant to the laws of the

State of New York and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning an unidentified officer.

6.      Deny the allegations set forth in paragraph "6" of the complaint, except admit that the City of New York is a municipal corporation organized pursuant to the laws of the State of New York and maintains offices in New York county.

7.      Deny the allegations set forth in paragraph "7" of the complaint, except admit that the City of New York maintains offices in New York county.

8.      Deny the allegations set forth in paragraph "8" of the complaint, except admit that the City of New York maintains a police department.

9.      Deny the allegations set forth in paragraph "9" of the complaint, except admit that plaintiff purports to base venue as stated therein.

10.     Deny the allegations set forth in paragraph "10" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Office of the Comptroller on or about March 15, 2007.

11.     Deny the allegations set forth in paragraph "11" of the complaint, except admit that the matter has not been adjusted or otherwise resolved.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint, except admit that a 50-h hearing was held pursuant to a notice of claim filed on or about March 15, 2007.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14.     Deny the allegations set forth in paragraph "14" of the complaint, except admit that a document purporting to be a complaint was filed on or about April 23, 2008.

15.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint, except admit that plaintiff was arrested on or about January 25, 2007.

17.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19.    Deny the allegations set forth in paragraph "19" of the complaint.

20.    In response to the allegations set forth in paragraph "20" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

21.    Deny the allegations set forth in paragraph "21" of the complaint.

22.    Deny the allegations set forth in paragraph "22" of the complaint.

23.    Deny the allegations set forth in paragraph "23" of the complaint.

24.    Paragraph "24" of the complaint sets forth a demand to which no response is required.

25.    Paragraph "25" of the complaint sets forth a demand to which no response is required.

26.    In response to the allegations set forth in paragraph "36" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

27.     Deny the allegations set forth in paragraph "27" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning an unidentified officer.

28.     Deny the allegations set forth in paragraph "28" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning an unidentified officer.

29.     Deny the allegations set forth in paragraph "29" of the complaint.

30.     Paragraph "30" of the complaint sets forth a demand to which no response is required.

31.     Paragraph "31" of the complaint sets forth a demand to which no response is required.

32.     In response to the allegations set forth in paragraph "32" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

33.     Deny the allegations set forth in paragraph "33" of the complaint.

34.     Deny the allegations set forth in paragraph "34" of the complaint.

35.     Deny the allegations set forth in paragraph "35" of the complaint.

36.     Paragraph "36" of the complaint sets forth a demand to which no response is required.

37.     Paragraph "37" of the complaint sets forth a demand to which no response is required.

38.    In response to the allegations set forth in paragraph "38" of the complaint, defendants repeat and re-allege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

39.    Deny the allegations set forth in paragraph "39" of the complaint.

40.    Deny the allegations set forth in paragraph "40" of the complaint.

41.    Deny the allegations set forth in paragraph "41" of the complaint.

42.    Paragraph "42" of the complaint sets forth a demand to which no response is required.

43.    Paragraph "43" of the complaint sets forth a demand to which no response is required.

44.    In response to the allegations set forth in paragraph "44" of the complaint, defendants repeat and re-allege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

45.    Deny the allegations set forth in paragraph "45" of the complaint.

46.    Deny the allegations set forth in paragraph "46" of the complaint.

47.    Deny the allegations set forth in paragraph "47" of the complaint.

48.    Paragraph "48" of the complaint sets forth a demand to which no response is required.

49.    Paragraph "49" of the complaint sets forth a demand to which no response is required.

50.    In response to the allegations set forth in paragraph "50" of the complaint, defendant repeats and re-alleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

51.    Deny the allegations set forth in paragraph "51" of the complaint.

52.    Deny the allegations set forth in paragraph "52" of the complaint.

53.    Deny the allegations set forth in paragraph "53" of the complaint.

54.    Paragraph "54" of the complaint sets forth a demand to which no response is required.

55.    Paragraph "55" of the complaint sets forth a demand to which no response is required.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

56.    The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

57.    Defendant City of New York has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any Act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

58.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the conduct of intervening third parties and was not the proximate result of any act of the Defendant City of New York.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

59.    At all times relevant to the acts alleged in the complaint, Defendant City of New York an its agents and officials acted reasonably in the proper and lawful exercise of their discretion. Therefore, Defendant City of New York is entitled to governmental immunity from liability.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

60.    Punitive damages cannot be recovered from Defendant City of New York.

## AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE:

61.    Plaintiff' claims may be barred in whole or in part by the applicable limitations period.

## AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:

62.    Plaintiff may not have complied with the conditions precedent to suit.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

63.    Plaintiff' claims may be barred in whole or in part by the doctrines of *res judicata* and/or collateral estoppel.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

64.    To the extent applicable, there was probable cause for plaintiff' arrest and prosecution.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

65.    The New York City Police Department is not a suable entity.

**WHEREFORE,** Defendants City of New York and New York City Police Department requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      July 2, 2008

<div style="margin-left:50%;">

MICHAEL A. CARDOZO
Corporation Counsel
of the City of New York
Attorney for Defendant City of New York
100 Church Street, Room 3-156
New York, New York 10007
(212) 788-6405

By: ⎯*Meghan Cavalieri*⎯

Meghan A. Cavalieri (MC 6758)
Assistant Corporation Counsel
Special Federal Litigation Division

</div>

To:    <u>BY ECF</u>
      Alan Tarzy, Esq.
      Law Offices of Alan A. Tarzy
      Attorney for Plaintiff
      275 Madison Ave., Suite 1100
      New York, NY 10016

08 CV 3848 (AKH)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZAMIRA CARDENAS,

                                        Plaintiff,

                    -against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT and DETECTIVE JOHN
DOE an unidentified police officer employed by the City
of New York and the NYC Police Department in its
official and individual capacities,

                                        Defendants.

**ANSWER TO COMPLAINT ON BEHALF OF
THE CITY OF NEW YORK AND NEW YORK
CITY POLICE DEPARTMENT**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants The City of New York and*
*New York City Police Department*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Meghan A. Cavalieri*
*Tel: (212) 788-6405*

*Due and timely service is hereby admitted.*

*New York, N.Y. ..........................................., 2008*

*.................................................................... Esq.*

*Attorney for.......................................................*